NEKOOSA-EDWARDS PAPER COMPANY, Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*May 2—May 31, 1913.*

*Workmen's Compensation Act: "Wilful misconduct:" Intoxication.*

1. Intoxication which proximately causes the death of an employee is not necessarily "wilful misconduct" within the meaning of sec. 2394—4, Stats.
2. A finding by the Industrial Commission that the death of an employee "was proximately caused by accident and was not caused by wilful misconduct; that at the time of such accident [he] was in an intoxicated condition which proximately caused the accident," means that he did not wilfully bring upon himself such degree of intoxication; and, being within the jurisdiction of the Commission, such finding of fact should not be disturbed. BARNES, MARSHALL, and VINJE, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Byron H. Stebbins,* first assistant attorney general, and oral argument by *Mr. Stebbins.* They argued, among other things, that intoxication proximately causing an injury is not "wilful misconduct" as matter of law. *Meracle v. Down,* 64 Wis. 323, 331, 332, 25 N. W. 412; *Rhyner v. Menasha,* 107 Wis. 201, 209, 210, 83 N. W. 303; *Rhyner v. Menasha,* 97 Wis. 523, 527, 73 N. W. 41; *Ward v. C., St. P., M. & O. R. Co.* 85 Wis. 601, 605, 55 N. W. 771; *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 352, 84 N. W. 446; *Gould v. Merrill R. & L. Co.* 139 Wis. 433, 438, 121 N. W. 161. The English decisions are not applicable or controlling. The rule that a statute adopted from another jurisdiction is taken with the interpretation it has there received, is only a presumption, and may be repelled when such construction is found to be inconsistent with the spirit and policy of our laws. *Cole v. People,* 84 Ill. 216, 218; Endlich, Interp. of Statutes, sec. 371; Black, Interp. of Laws, 602; *Risser v. Hoyt,* 53 Mich. 185, 199, 18 N. W. 611; *Jamison v. Burton,* 43 Iowa, 282, 285.

For the respondent there was a brief by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt.* They cited, among other authorities, sec. 1561, Stats.; 4 Words & Phrases, 3734; 17 Am. & Eng. Ency. of Law (2d ed.) 403, 404; *State v. Kraemer,* 49 La. Ann. 766, 774, 22 South. 254; *Palmer v. C., St. L. & P. R. Co.* 112 Ind. 250, 14 N. E. 70; *Brannen v. Kokomo, G. & J. G. R. Co.* 115 Ind. 115, 17 N. E. 202, 7 Am. St. Rep. 415; *Brown v. State,* 137 Wis. 543, 119 N. W. 338; 40 Cyc. 940; *State v. Smith,* 52 Wis. 134, 137, 8 N. W. 870; Boyd, Workmen's Compensation, § 468; *Bradley v. Salt Union,* 8 Workmen's Comp. Cases, 31, 32; *M'Groarty v. John Brown & Co.* 43 Scot. Law Rep. 598.

TIMLIN, J. On January 23, 1913, the *Industrial Commission* made an award directing that the respondent pay to *Mittie Smith* the sum of $2,040 on account of the death of her husband, Pat Smith, while in the employment of respondent. March 24, 1913, in an action brought for that purpose, the circuit court for Dane county set aside this award on the ground that the *Industrial Commission* acted in excess of its powers in finding that the death of Pat Smith was not caused by wilful misconduct. · The finding of the *Commission* on this point was as follows:

"The death of Pat Smith was proximately caused by accident and was not caused by wilful misconduct; that at the time of such accident Pat Smith was in an intoxicated condition which proximately caused the accident."

. The statute (sec. 2394—4) provides that:

"Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, if the injury shall proximately cause death, in those cases where the following con-, ditions of compensation concur: . . . (3) Where the injury is proximately caused by accident, and is not so caused by wilful misconduct."

Sec. 2394—19. "The findings of fact made by the board acting within its powers shall, in the absence of fraud, be conclusive; . . . the same shall be set aside only upon the following grounds: (1) that the board acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the findings of fact by the board do not support the award."

It is quite possible for a person to be in an intoxicated condition, which condition proximately caused the accident which proximately caused the death, and yet not be guilty of wilful misconduct. The drinking of intoxicating liquor is wilful in the sense of intentional, but the mere fact of drinking is not misconduct. By sec. 1561, Stats., any person

found in any public place in such a state of intoxication as to disturb others, or unable by reason of his condition to care for his own safety or for the safety of others, is guilty of a misdemeanor. This is misconduct, and if one intentionally put himself in this condition he might be said to be guilty of wilful misconduct. But there are many cases where, although the drinking is intentional, the intoxication is not; as for instance where one by reason of fatigue, hunger, sickness, or some abnormal condition becomes intoxicated in consequence of imbibing a quantity of liquor which ordinarily would not so affect him. While intoxication in such case to the degree specified might be a misdemeanor under the statute quoted, it is not necessarily wilful misconduct within the compensation act. The intoxication might, under such circumstances, be the proximate cause of an accident resulting in injury or death and yet not have reached that degree specified in this statute, as in case where it produced mere drowsiness. There was evidence in the instant case that deceased was slightly intoxicated; that he drove out of the clay pit standing up on his load; that he was perfectly able to take care of himself and drive his team when last seen alive. There was therefore room to find upon the evidence not only with respect to the degree of intoxication, but that there was no intention or purpose to put himself in a dangerous or helpless condition of intoxication. The *Industrial Commission* has jurisdiction to pass on these very questions, and their finding above referred to does determine these questions. It finds that Smith was in an intoxicated condition which proximately caused the accident, but that the accident was not caused by wilful misconduct. This means that he did not wilfully bring upon himself such degree of intoxication.

If we were authorized to review the evidence we might come to a different conclusion. But the statute is mandatory that the award shall not be set aside on such ground. The

*Industrial Board* has jurisdiction to decide whether or not the intoxication which caused the death or injury was wilful; consequently it did not act in excess of its powers in deciding the negative in the instant case. There is no claim that the award was procured by fraud, and the findings of fact support the award. Hence, without reaching the interesting questions put forward in the briefs of counsel, we reverse the judgment of the circuit court and direct that the award of the *Industrial Commission* be affirmed.

*By the Court.*—Judgment reversed, and the cause remanded to the circuit court with directions to affirm the award of the *Industrial Commission.*

BARNES, J. (*dissenting*). The plain, unvarnished tale in this case is that Smith, an habitual toper, left his work, went to a saloon some distance from his place of employment, got a partial "jag" on, started back with a bottle of whisky, and got so drunk that thereafter while he was driving his team over a smooth road he fell off the wagon and broke his neck. There is no suggestion that the whisky was injected into him by force or by stealth or artifice. He bought it himself and drank it alone. It was an offense under the law of Wisconsin for him to get so drunk that he could not provide for his own safety or the safety of others, for which he might have been punished had he survived. Of course if the act of drinking was accidental or automatic or a mere mechanical exercise unconsciously performed, then intent would be lacking. But there is neither finding nor evidence that such was the fact. The deceased was a seasoned veteran, having a penchant for getting drunk, who from his long experience must have known and appreciated his capacity. The *Commission* did not find that the deceased got drunk by accident. There was no evidence in the case to warrant any such finding. It did not award damages on any such theory.

It plainly says so in its decision.  After holding that the claimant' was drunk at the time he fell off the wagon and that the drunkenness caused his death, it says: "The question we have to decide is whether or not such intoxication is a defense against compensation." And in conclusion the *Commission* says: "If the legislature had so intended, we believe that it would have specifically so provided in the act." The court holds that if the claimant got drunk intentionally, that would be wilful misconduct within the meaning of the statute. The *Commission* held that it would not be, as I read the findings and decision. It is apparent that if the *Commission* construed the law as does the court, it would have denied recovery. This court sustains the conclusion reached by the *Commission* in a curious manner. It in effect says that the *Commission* found that there was no wilful misconduct. Under some circumstances drunkenness would not be wilful misconduct. *Ergo* the *Commission* must have found that the exculpating circumstances existed, and its finding in this behalf is conclusive on the court.

It was not found that the deceased got drunk on an unusually small allowance of liquor because of sickness, hunger, or any other reason.  Such a finding would totally lack support in the evidence.  Where a party accustomed to the use of liquor drinks it until he gets drunk, the presumption is that he intended to do just what he did do.  It was for the claimant to show by some facts or circumstances that for some reason or other the deceased drank less liquor than was ordinarily necessary to produce stupefaction in the instant case.  No such evidence was produced.  I think the circuit court was clearly right in holding that there could be no recovery, and that the *Commission* would have reached the same conclusion had it construed the law as the circuit court did and as this court does.  The judgment of the court is based on a finding of fact which the *Commission* did not

make, to wit, that the deceased did not intend to get drunk. What the *Commission* in reality concluded was that intention was immaterial because an allowance might be made for an injury resulting from intentional intoxication.

MARSHALL, J., and VINJE, J. We concur in the foregoing opinion of Mr. Justice BARNES.