Hoenig, Appellant, vs. Industrial Commission and another, Respondents.

*January 15—February 9, 1915.*

*Workmen's compensation: What injuries compensated: Statute construed: Lightning stroke: Ordinary hazard: Findings of fact, when conclusive.*

1. Injuries to employees for which compensation is to be paid under the Workmen's Compensation Act (secs. 2394—1 to 2394—31, Stats. 1913) are such as are incidental to and grow out of the employment.   They do not include an injury caused by lightning where the exposure to the hazard from lightning stroke was not peculiar to the industry or rendered exceptionally great by the employment.

2. A finding by the industrial commission in this case that an employee killed by lightning while working on a dam on a river was not exposed to a hazard from lightning peculiar to the industry or differing substantially from the hazard from lightning in any outdoor work, is supported by the evidence.

3. Findings of fact by the industrial commission are not to be disturbed where there is any substantial basis for them in the evidence.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge.   *Affirmed.*

This is an appeal from a judgment affirming the findings

and order of the respondent *Industrial Commission of Wisconsin* dismissing the application of the appellant for compensation from the respondent *Lindauer-O'Connell Company* by reason of the death of her husband, John Hoenig. John Hoenig was employed by the respondent *Lindauer-O'Connell Company,* and while so employed and on August 8, 1913, was struck by lightning and killed. The question involved is whether the order of the *Industrial Commission* should be disturbed.

For the appellant the cause was submitted on the brief of *Albert H. Krugmeier.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Lindauer-O'Connell Company* the cause was submitted on the brief of *Brown, Pradt & Genrich.*

KERWIN, J. The court below in affirming the findings of the *Industrial Commission* held that the Workmen's Compensation Act "limits compensation to those cases in which the accident grows out of the hazards of industrial enterprises and is peculiar to such enterprises;" and further held that "an injured employee is entitled to compensation when the industry combines with the elements in producing an injury by a lightning stroke;" and further found that it could not be said that there was not a substantial basis for the finding in the evidence taken before the *Commission.*

We are inclined to agree with the learned court below in its conclusions and judgment in the case.

It is insisted by counsel for appellant that there is no basis for the findings of the *Commission.* The *Commission* found that the deceased, John Hoenig, was in the employ of the respondent the *Lindauer-O'Connell Company,* and while performing services growing out of and incidental to his employment, at work on a dam on the Fox river in Wisconsin, received a stroke of lightning which resulted in his death;

that at the time and place when and where said Hoenig came
to his death it had been raining and the rain was accompanied
by thunder and lightning; that at said time and place de-
ceased was not exposed to a hazard from lightning stroke pe-
culiar to the industry or differing substantially from hazard
from lightning stroke of any ordinary outdoor work; that the
death of Hoenig was not proximately caused by accident with-
in the meaning of ch. 599, Laws of 1913 (secs. 2394—1 to
2394—31, Stats. 1913).

It is first insisted by counsel for appellant that under the
Wisconsin Compensation Act liability exists for an injury
caused by lightning to an employee in the course of his em-
ployment, irrespective of whether the industry combines with
the elements in producing the injury, on the ground that the
statute expressly gives compensation where three facts exist,
namely: (1) that the employer and employee are under the
act; (2) that the employee was performing services growing
out of and incidental to his employment; and (3) that the in-
jury was proximately caused by accident, not intentionally
self-inflicted.

The contention of appellant is that the statute is plain and
that there is no room for construction; that where the three
facts named exist compensation follows as matter of right
under the act.

The act should be construed in the light of the history of
its passage.    Pursuant to ch. 518, Laws of 1909, a commit-
tee was appointed which investigated and presented a report
to the legislature of 1911.    This report tends to show the con-
struction placed upon the act by the committee and that it
was not intended to include other than industrial accidents
or "hazards incident to the business." *Minneapolis, St. P.
& S. S. M. R. Co. v. Industrial Comm.* 153 Wis. 552, 141 N.
W. 1119.

It seems quite clear that the injuries for which compensa-
tion is to be paid, under the act, are such as are incidental to

and grow out of the employment. *Minneapolis, St. P. & S. S. M. R. Co. v. Industrial Comm., supra; Milwaukee v. Miller,* 154 Wis. 652, 144 N. W. 188; *Rayner v. Sligh F. Co.* (Mich.) 146 N. W. 665; *McNicol's Case,* 215 Mass. 497, 102 N. E. 697; *Bryant v. Fissell,* 84 N. J. Law, 72, 86 Atl. 458; *Kelly v. Kerry Co. Council,* 42 Irish L. T. 23.

The question, therefore, arises whether the injuries received by Hoenig were incident to and grew out of the employment. This proposition turns upon the nature of the hazard to which deceased was exposed at the time and place of injury. Was he exposed to a hazard from lightning stroke peculiar to the industry? The *Industrial Commission* held that he was not, and that the exposure to hazard from lightning stroke at the time and place of injury was not different, substantially, from that of the ordinary out-of-door work. The court below affirmed the findings of the *Industrial Commission.* True, the court in its findings said that if the case were presented to it for a finding from the evidence it would not make the finding which was made by the *Commission,* and further found that a careful review of the evidence led the court to conclude that it could not say that there was not substantial basis for the finding of the *Commission* in the evidence taken before it.

It is well settled both on principle and authority that the findings of the *Commission* should not be disturbed where there is any substantial basis for them in the evidence. *Northwestern I. Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271; *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53; *Milwaukee Western F. Co. v. Industrial Comm., ante,* p. 635, 150 N. W. 948; *Nekoosa-Edwards P. Co. v. Industrial Comm.* 154 Wis. 105, 141 N. W. 1013; sec. 2394—19, Stats. 1913.

Counsel for appellant appears to rely with confidence upon *Andrew v. Failsworth Ind. Soc.* 90 L. T. Rep. 611. An examination of that case, however, will show that it differs quite ma-

terially in its facts from the instant case. There the position of the injured person, as shown by the evidence, was much more hazardous because of the employment than ordinarily. Moreover in that case the finding of the county judge awarding compensation was affirmed.

In the case now before us there was substantial basis in the evidence for the finding of the *Commission* to the effect that there was no hazard incident to or growing out of the employment substantially different from that of ordinary out-of-door work during a thunder storm accompanied by rain.

The *Commission* in its opinion said:

"There was testimony in this case of an expert nature for the purpose of showing that the employment of deceased at the water's edge was peculiarly dangerous from exposure to lightning. This evidence does not convince the *Commission* to a moral certainty that the employment was extrahazardous in this regard. It is admitted that the action of lightning is extremely freakish, and while it is more or less controlled by general law, there are so many different elements entering into its control that we do not think the evidence in this case established that the deceased was in any position of exceptional danger because of the possibilities of lightning stroke."

Sec. 2394—19, Stats. 1913, provides:

"The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; . . . the same shall be set aside only upon the following grounds: (1) that the commission acted without or in excess of its powers; (2) that the order or award was procured by fraud; (3) that the findings of fact by the commission do not support the order or award."

Upon the record in this case we are convinced that the judgment of the court below must be affirmed.

*By the Court.*—The judgment appealed from is affirmed.