## THIER *v.* WIDDIFIELD.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT — EVI-
DENCE—BURDEN OF PROOF.

In proceedings under the workmen's compensation law by
a widow for compensation for the death of her husband,
the burden of proof rested upon plaintiff to show that the
accident arose out of and in the course of his employment.

2. SAME—DEATH BY LIGHTNING DOES NOT "ARISE OUT OF" EM-
PLOYMENT UNLESS A PARTICULAR HAZARD.

Where a workman was struck by lightning and killed while
standing in the doorway of his employer's barn, waiting
for the storm to subside, where he, with his employer,
had gone for protection after putting the team into the
stalls, it cannot be said that his death "arose out of" his
employment, in the absence of evidence that deceased was
exposed, by the nature of his employment, to some par-
ticular danger.

3. SAME—FINDING OF INDUSTRIAL ACCIDENT BOARD BASED UPON
CONJECTURE NOT SUSTAINED.

The finding of the industrial accident board that the posi-
tion of deceased was "more hazardous than that of others
in the same community; that the deceased by reason of
his employment was thereby exposed to injuries from
lightning other than the community in general in that
locality, and in consequence thereof met his death," *held*,
to be based upon mere conjecture and speculation, rather
than upon evidence.

Certiorari to Industrial Accident Board. Submitted
April 8, 1920. (Docket No. 11.) Decided June 7,
1920.

Violet B. Thier presented her claim for compensa-
tion against Henry W. Widdifield for the accidental
death of her husband in defendant's employ. From
an order awarding compensation, defendant and the

On recovery under Workmen's Compensation Acts, for injury
by lightning, see notes in L. R. A. 1916A, 347, and L. R. A.
1918F, 936.

Ætna Life Insurance Company, insurer, bring certiorari. Reversed, and order vacated.

*C. W. & W. S. Foster,* for appellants.

*Rollie L. Lewis,* for appellee.

STONE, J. The applicant, who is the widow of William C. Thier, deceased, made application for compensation as a dependent, under the workmen's compensation law. There is no question that both the employer and employee were subject to that law. It was admitted that the Ætna Life Insurance Company had insured Henry W. Widdifield, the employer in the case, which insurance was in force at the time of the accident; that the deceased was in the employ of Widdifield at the time of his death; that the employer had due notice of the accident, and that claim for compensation was duly made; and that deceased was earning $18 per week at the time of his death, on June 3, 1919.

About 4 o'clock in the afternoon of that day said William C. Thier was struck by lightning and instantly killed at Charlevoix, Michigan. Widdifield was there engaged in the ice, coal and wood business, in the conduct of which he maintained a barn and an ice-house which were about 25 feet apart, the barn being about 75 feet from his dwelling house, and connected thereto by an insulated electric light wire which entered the barn about 6½ feet from the ground. Thier's duties were to help deliver ice to customers, and to work on the wagon. It appeared that on the day referred to the deceased and his employer had been engaged drawing ice. Widdifield testified (and it was not disputed), as follows:

"We had just got through delivering a load of ice. We were going to start down to the coal shed for a load of coal, and we saw this storm coming and I said: 'I guess we will unhitch and put the team in the barn and see what it is going to do.' We had just nicely

got the team in the barn, when this bolt of lightning came and struck him."

Having taken care of the team by putting it in the stalls, both the employer and the employee were waiting in the barn for the storm to subside, when Thier, who was standing in the doorway, was struck by lightning and killed. When struck he was leaning beside the door, within a few inches of the place where the electric light wire entered the barn. He at the time was not performing any of the duties incident to his employment. He selected his own position, and had not been asked or directed to stand in that place by Widdifield, who was standing four or five feet behind him, and who was jarred by the stroke of lightning, but not knocked down. It was a very unusual and severe electric storm. During the storm a number of buildings belonging to other people in the vicinity, also trees in front of another house, were struck by lightning. One of such buildings was just across the street from Widdifield's house, another across the street and north—all within a radius of one-half mile. A tree standing six feet from Widdifield's house was struck by lightning during the storm, but the branches touching the house were not damaged. The dwelling house was struck, but neither the barn nor ice-house was struck. Widdifield testified that he thought the fuses in the house were not burned out, but that several lights in the house were burned out. The electric light wires in the barn lighting system were not injured, and the switch in the barn was not damaged. There was a slight burn found upon the lip of the deceased after death.

The claim of the widow was allowed by the committee on arbitration, with compensation at $9 per week for 300 weeks, and this was affirmed on review by the full board. The defendants have brought the case here by certiorari, claiming that there was no

evidence that death arose from accidental injury "arising out of" the employment.

It is said by appellants that the one legal question involved is:

"Did the death of William C. Thier by lightning stroke arise out of his employment within the meaning of the workmen's compensation law?"

In the findings of the board, after referring to and quoting from the case of *Klawinski* v. *Railway Co.,* 185 Mich. 643 (L. R. A. 1916A, 342), and claiming to distinguish that case, the following conclusion is reached, and language used:

"Taking into consideration all of the circumstances, it seems to us that the only reasonable conclusion is, that the lightning which struck the house, damaging the electric lights, followed the electric wire to the barn, and struck and killed the deceased.

"Under the conclusion which we reach as to the facts, we are of the opinion that this case is not governed by the *Klawinski Case.* We believe this is a case where the industry through the agency of man combined with the elements to produce injury to the employee. This deceased being in the course of his employment at a point within a few inches of an electric wire which was there, as part of the industry, and being the agency of man, contributed to the hazard and made his position more hazardous than that of others in the same community; that the decedent by reason of his employment was thereby exposed to injuries from lightning, other than the community in general in that locality, and in consequence thereof met his death. After the full consideration of the testimony and of all the files and proceedings had in this case, the board finds that the deceased, William C. Thier, suffered an accidental injury within the meaning of the act, from which death resulted; and that the accidental injury arose out of, and in the course of decedent's employment. * * * From the foregoing it follows that the award of the committee of arbitration should be, and is hereby affirmed, and applicant is entitled to receive and recover from both the respondents the sum of $9 per week for the period of

300 weeks, under the provisions of the workmen's compensation law; and an order to that effect will be entered."

A careful reading of the testimony contained in this record leads us to differ from the conclusion reached by the board. We are unable to find any evidence to warrant the finding "that the lightning which struck the house, damaging the electric lights, followed the electric wire to the barn and struck and killed the deceased." Nor do we find any evidence to warrant the finding that the position of deceased was "more hazardous than that of others in the same community; that the deceased by reason of his employment was thereby exposed to injuries from lightning, other than the community in general in that locality, and in consequence thereof met his death." With due deference to the opinion of the board, we think the findings above referred to were based upon mere conjecture and speculation. In our opinion the case is ruled by *Klawinski* v. *Railroad Co., supra.* In that case Mr. Justice McALVAY, in an opinion concurred in by all the then members of this court, said:

"It is our opinion that in the instant case claimant's husband did not come to his death as the result of a 'personal injury arising out of and in the course of his employment,' within the meaning of the workmen's compensation law. It is clear from the stipulated facts that this injury was in no way caused by or connected with his employment through any agency of man which combined with the elements to produce the injury; plaintiff's decedent by reason of his employment was in no way exposed to injuries from lightning other than the community generally in that locality."

In the recent case of *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137, Justice FELLOWS used the following language in a case arising under this statute:

"If an inference favorable to the applicant can only be arrived at by conjecture or speculation the applicant may not recover. So if there are two or more inferences equally consistent with the facts, arising out of the established facts, the applicant must fail. *McCoy* v. *Michigan Screw Co.*, 180 Mich. 454 (L. R. A. 1916A, 323) ; *Draper* v. *Regents of University*, 195 Mich. 449,"—and further citing cases in other jurisdictions.

We have examined the cases known as the "Lightning Cases" in the British and American courts, cited by the respective counsel, and find, with one exception hereinafter mentioned, that they are all in accord with our holdings upon this subject. Among the American cases are the following: *Hoenig* v. *Industrial Commission*, 159 Wis. 646 (150 N. W. 996, L. R. A. 1916A, 339) ; *Griffith* v. *Cole Bros.*, 183 Iowa, 415 (165 N. W. 577) ; *Wiggins* v. *Industrial Accident Board*, 54 Mont. 335 (170 Pac. 9, Ann. Cas. 1918E, 1164) ; *State, ex rel. Peoples Coal Co.*, v. *District Court*, 129 Minn. 502 (153 N. W. 119, L. R. A. 1916A, 344).

Compensation was denied in all of the foregoing cases except the last. This Minnesota case is the only American case where, under circumstances at all similar to the instant case, compensation has been allowed. In that case a driver for an ice company was required to follow a fixed route in substantial disregard of weather conditions, though permitted to seek shelter in times of necessity. When a severe rainstorm, accompanied by lightning, was in progress, he left his team and went to a tall tree just within the lot line, either for protection or in the performance of his duties soliciting orders. Lightning struck the tree, and the same bolt struck him, and he was killed. It was held that the evidence sustained a finding that the death of the decedent was the result of an accident "arising out of" his employment within the

meaning of the workmen's compensation act of that
State. That case has been criticized, and especially
so in *Griffith* v. *Cole Bros., supra.* Referring to that
decision the court in the Iowa case said:

"The vice in this decision seems to us to be that,
while it recognizes there must be more than the nor-
mal risk from lightning to which all are subject, and
that the employment must necessarily accentuate the
natural hazard from lightning, this is not followed to
its logical end, and a recovery for injury by lightning
is allowed where there was no such accentuation or
abnormal risk. All that is requisite is that the em-
ployment be of such nature as that, in reason, the
employee is more exposed to hazards from lightning
than is one in some other employment. Cases that
hold a given accident from lightning did not arise out
of the course of the employment recognize that such
injury may be related to the employment. See *Hoenig*
v. *Industrial Commission,* 159 Wis. 646 (150 N. W.
996, L. R. A. 1916A, 339). And so of *Rodger* v. *School
Board,* 1 Scots Law Times (1912), 271, wherein it is
said:

"'To be struck by lightning is a risk common to all and inde-
pendent of employment, yet the circumstances of a particular
employment might make the risk not a general risk, but a risk
sufficiently exceptional to justify its being held that the accident
from such risk was an accident arising out of the employment.'

"And it has been rightly held that injury from light-
ning did arise out of the employment where a tele-
phone or telegraph operator was hurt by an electric
shock received in the course of his work. *Atlantic
Coast Line R. Co.* v. *Newton,* 118 Va. 222 (87 S. E.
618). And so where a workman on a high scaffolding
was kept at work during a storm. *Andrew* v. *Indus-
trial Society,* 2 K. B. (1904) 32. * * *
"A lineman who, while at his work, is bitten by a
snake, will not be allowed to trace his injury to his
employment even though he would not have been bit-
ten had he been elsewhere than where his employment
called him. On the other hand, if he touch a live wire
or is struck by lightning while repairing or putting
up a wire, he may well claim that his injury is pecu-
liarly due to his employment.

"As was said in *Kelly* v. *County Council*, 1 B. W. C. C. 194, there must be evidence that the servant was exposed to a greater risk of being struck by lightning than if he had been working in a field or garden. In *Robson, Eckford & Co.* v. *Blakey*, 5 B. W. C. C. 536, it is well indicated what the natural range of inquiry is, and said:

"'To what class of dangers does this man's employment expose him? * * * Suppose I say he is a collier. I may say his employment exposes him to the risk of having things fall upon him from the roof, to the danger of tumbling down a shaft, and so on. In short, there is a peculiar class of dangers which exist only for people who go down into mines.'

"It is further illustrated by employments which compel walking in the street, and remaining off the sidewalk, as to which it has been said that there is a peculiar exposure to hazard from moving vehicles. In one word, it all turns upon whether it may in reason be said that as distinguished from being hurt while employed the injury is due to the nature of the employment. As said, we do not deny that being struck by lightning may be reasonably traceable to the nature of the work done, but decide that it may not be done in this case."

In *Tarpper* v. *Weston-Mott Co.*, 200 Mich. 275 (L. R. A. 1918E, 507), Justice BROOKE, speaking for the court, said:

"That the injury suffered by the employee must arise out of the employment, as well as in the course of the employment is well settled by our own decisions. *McCoy* v. *Michigan Screw Co.*, 180 Mich. 454 (L. R. A. 1916A, 323); *Klawinski* v. *Railway Co.*, 185 Mich. 643 (L. R. A. 1916A, 342); *Van Gorder* v. *Motorcar Co.*, 195 Mich. 588 (L. R. A. 1917E, 522)."

The burden of furnishing evidence, from which the inference can be legitimately drawn that an accident to a workman arose out of, and in the course of the employment, rests on the claimant.

We conclude by saying that, in our opinion, there is in the instant case no evidence tending to prove

that the death was brought about by the extra hazardous nature of the employment. As was said by the English court, it is not enough for the applicant to say, "the accident could not have happened if I had not been engaged in the employment, or if I had not been in this particular place." The applicant must go further and say, "the accident arose because of something I was doing in the course of my employment, and because I was exposed by the nature of my employment to some particular danger."

We are constrained to hold that there is no evidence to support the finding of the board, and the award and order of the industrial accident board is reversed and vacated.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.