## STEFFES *v.* FORD MOTOR CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — SUPREME COURT WILL NOT WEIGH FACTS.

On certiorari to review an award of the department of labor and industry under the workmen's compensation act, the Supreme Court will not weigh the facts nor disturb the finding if there is any competent evidence upon which it is based.

2. SAME—INJURY MUST ARISE OUT OF AND IN COURSE OF EMPLOYMENT.

To make an injury compensable, facts must be proved which at least give the natural and reasonable inference that the injury arose both out of and in the course of the employee's employment.

3. SAME—INJURY NOT COMPENSABLE.

An injury to an employee's eye caused by another employee's shooting a paper clip into the air with a rubber band would not be compensable.

4. SAME.

In proceedings under the workmen's compensation act for compensation for the loss of an eye, where there was no positive evidence as to how the accident occurred, but under the facts the only possible inference to be drawn was that it was caused by another employee's shooting a paper clip into the air with a rubber band, there was no proof that it arose out of the employment upon which to base the award.

Certiorari to Department of Labor and Industry. Submitted April 7, 1927.    (Docket No. 46.)    Decided July 29, 1927.

Tony Steffes presented his claim for compensation against the Ford Motor Company for an accidental injury in defendant's employ.    From an order award-

[1]Workmen's Compensation Acts, C. J. § 127; [2]Id., C. J. §§ 63, 112; [3]Id., C. J. § 71; [4]Id., C. J. § 114; L. R. A. 1916A, 39, 67, 241; L. R. A. 1917D, 130; L. R. A. 1918F, 916; 28 R. C. L. 812; 6 R. C. L. Supp. 1761.

ing compensation, defendant brings certiorari. Reversed.

*Milton H. Baxter,* for appellant.

*Jesse W. Bollinger,* for appellee.

SNOW, J. The parties to this suit were operating under the workmen's compensation act. Plaintiff was a night foreman in the tool grinding room in defendant's Fordson plant. About 6 o'clock in the morning of December 29, 1925, while assisting one of his men in going over a blueprint, he was struck in the eye by a part of a metal paper clip, commonly used to hold papers together. He had no idea where it came from, but immediately began an inquiry of the workmen to try and find out. One of them, Walter Burba, working on a machine about 50 feet away, admitted shooting a paper clip with a rubber band, but did not know in what direction it went or where it landed. He said it must have come from a blueprint and that he had found it. When asked how he came to shoot it, he replied that he did not know what his intentions were; that he just held it in his hand and let it go toward the ceiling. No one else about the place seemed to know anything about it. Blueprints are used in the room where the accident occurred, and it is not uncommon that paper clips of this character come in attached to them. No other use of the clips is suggested and the presence of this one is accounted for in no other way. The accident resulted in the loss of the eye, and defendant here reviews an award to plaintiff by the department of labor and industry.

Defendant contends it is not liable because plaintiff did not receive an injury "arising out of" his employment, and that his disability was not the result of such an injury. It is not denied that plaintiff was at the time of the injury "in the course of" his employment.

It is well settled that on review this court will not weigh the facts nor disturb the finding if there is any competent evidence upon which it may be based. *Rayner* v. *Sligh Furniture Co.*, 180 Mich. 168 (L. R. A. 1916A, 22, Ann. Cas. 1916A, 386); *King* v. *Munising Paper Co.*, 224 Mich. 691; *Hector* v. *Cadillac Plumbing & Heating Co.*, 226 Mich. 496; *Sjoholm* v. *Hercules Powder Co.*, 227 Mich. 610; *Grove* v. *Michigan Paper Co.*, 184 Mich. 449; *Brown* v. *Bouschor*, 207 Mich. 594; *Tanner* v. *Aluminum Castings Co.*, 210 Mich. 366, and many others.

Is there, then, in the instant case, any competent evidence at all upon which the finding of the department could have been based? The following rule in *Ayr Steam Shipping Co.* v. *Lendrum*, 6 B. W. C. C. 326, has been quoted with approval by this court:

"I think one may deduce from the decisions (1) that the burden is always upon the applicant to prove that death resulted from an accident arising out of as well as in the course of the employment; (2) that such proof need not be by direct but may be by circumstantial evidence, but there must be facts from which an inference can be drawn, as distinguished from mere conjecture, surmise, or probability; and (3) that an award by an arbiter cannot stand unless the facts found are such as to entitle him reasonably to infer his conclusion from them."

See *Hills* v. *Blair*, 182 Mich. 20; *Wilson* v. *Phœnix Furniture Co.*, 201 Mich. 531.

There is no direct or positive evidence as to how the injury here complained of occurred. The record shows only that a paper clip, coming from somewhere, struck plaintiff in the eye, and that clips of this character occasionally found their way into the room on blueprints. This does not permit a finding that the injury was received "arising out of" plaintiff's employment, unless there exist facts from which such an inference may be drawn, "as distinguished from

mere conjecture, surmise, or probability." But we find no such facts or circumstances. On the contrary, all other facts point to the opposite conclusion.

It would be but natural to conclude that the clip which struck plaintiff was the one which Walter Burba shot into the air with the rubber band. If, however, the accident did happen in this manner, it would be noncompensable, because not arising out of the employment. The department of labor seems to accept this fact, and says in its opinion:

"There isn't any question in this case that the employee was injured while he was engaged in his employer's business. Counsel for the defendant concedes that the accident occurred in the course of his employment, which refers to the time of his employment. He got an object in his eye which proved to be a part of a paper clip. Where it came from no one knows. It is purely guesswork and speculation to say that it was the paper clip that Burba shot with the rubber band. He was fifty feet away from the plaintiff when he shot the clip he had in his hand toward the ceiling. It might have rebounded; it might have broken and a piece of it might have struck the plaintiff's eye. But it is all guesswork. There is no evidence in this record to sustain it. It might have come from some other source. It appears from the evidence in this case that paper clips were found in this department, brought in there, it is said, with blueprints. There isn't any question but what the plaintiff was injured, and we believe accidentally injured. There is no evidence that any of the employees were engaged in horseplay or shooting paper clips at each other. Burba was not shooting paper clips at the plaintiff or any other employee. On this phase of the case we think the burden is upon the defendant to prove that the accidental injury which the plaintiff received to his eye while engaged in his work was caused by the act of Burba and that the clip that Burba shot was the one that hit the plaintiff's eye."

In this holding the department wholly fails to recognize the rule that to make any injury compensable

facts must be proved which at least give the natural and reasonable inference that the injury arose both out of and in the course of plaintiff's employment. The only inference possible to be drawn here is that the injury arose by Burba shooting the clip into the air.    If this were the fact, plaintiff could not recover, as the injury would be one which did not arise out of his employment.    A bird flying into the room from the outside and striking plaintiff in the eye may be considered illustrative of the situation.    Eliminating the Burba incident entirely from the case, the proof does not show, nor does it permit any inference, as to how the injury actually did occur.    There was therefore nothing before the department upon which it could base its finding that the injury occurred out of plaintiff's employment.    With such total lack of proof, plaintiff cannot recover.    *Perry* v. *Woodward Bowling Alley Co.*, 196 Mich. 742; *McCoy* v. *Michigan Screw Co.*, 180 Mich. 454 (L. R. A. 1916A, 323); *Hills* v. *Blair*, 182 Mich. 20; *DeMann* v. *Hydraulic Engineering Co.*, 192 Mich. 594; *Draper* v. *Regents of University*, 195 Mich. 449.

The award is reversed, with costs to appellant.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.    BIRD, J., did not sit.