### WIDMAN v. MURRAY CORPORATION OF AMERICA.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE ACCIDENT.

    Where hazards are connected with and incidental to the employment, and are the direct cause of an accident, such accident arises out of as well as in the course of the employment within the meaning of the workmen's compensation act, and it is immaterial that the risk is no greater than that to which members of the general public under same conditions are subjected.

2. SAME—EMPLOYEE INJURED WHILE TRAVELING IN COURSE OF EMPLOYMENT ENTITLED TO COMPENSATION.

    An employee who, in the course of his employment, was sometimes required to travel by train, and who, while so traveling, was hit in the eye by a cinder, resulting in loss of the eye, is entitled to compensation under the workmen's compensation act, since, under the circumstances, the injury arose out of as well as in the course of his employment within the meaning of the act.

---

As to necessity and sufficiency of evidence that injury to eye received by applicant for workmen's compensation is attributable to his employment, see annotation in 20 A. L. R. 28.

Certiorari to Department of Labor and Industry. Submitted October 23, 1928. (Docket No. 91, Calendar No. 33,916.) Decided January 7, 1929.

George Widman presented his claim for compensation against the Murray Corporation of America for an accidental injury in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Edward A. Smith,* for appellant.

*Frederick T. Witmire* and *Austin J. Spalding,* for appellee.

MCDONALD, J. The defendant seeks to review by certiorari an award of the department of labor and industry. The plaintiff claims that while in the employ of the defendant he received a compensable, accidental injury that resulted in the total loss of the sight of his right eye. At the time of the accident, he was traveling on a railroad train from Salt Lake City to Chicago. He had been sent by the defendant on a business trip which took him to the west coast and back to the home office of his employer in Detroit, Michigan. His duties required that he go from Salt Lake City to Chicago, where he had business for the defendant with the Gimball Motor Company. He had no special hours within which to do his work, and sometimes traveled at night to save time. He received a monthly salary. While sitting on the observation platform of the train, a cinder hit him in the eye. When he reached Chicago, he received treatment and again in Detroit, but the eye continued to grow worse and finally had to be enucleated.

The defendant denies liability on the ground that the injury did not arise out of the employment. On the hearing, the commission awarded the plaintiff compensation for 100 weeks at $18 a week for the loss of an eye, and $720 for medical, surgical, and hospital services.

The following excerpts from defendant's brief state the issue involved:

"This cause presents only one question for determination: Did the injury arise out of the employment? Defendant concedes that the injury occurred in the course of the employment and that the loss of the eye was the direct result of the injury.     *     *     *

"George Widman's presence on the train was of course justified by his employment. He was acting in the course of his employment but by his employment he was subjected to 'no greater hazard or different risk than that sustained by every member of the general public,' at least on that train."

In the latter quotation is suggested the principal defense, which is a reliance on the general rule that an award is not authorized where the employment does not subject an employee to a greater risk than that to which the general public is exposed. But there are certain well recognized fundamentals of responsibility which very often render this general rule inapplicable. There are present such fundamentals in the instant case. Chief of these is the nature of the duties which the plaintiff was required to perform. It was a condition of his employment that he should be on this train, which turned out to be a place of danger. The risks to which he was exposed from riding on trains from place to place as he was directed were incidental to his employment. He was required to ride on trains in the performance of his master's business. This condition

of the employment was the proximate cause of his injury. These undisputed facts fix the responsibility of the defendant regardless of the fact that others riding on the train were exposed to the same risks. In *Cook* v. *Assurance Corp.*, 243 Mass. 572 (137 N. E. 733, 29 A. L. R. 114), in speaking of street hazards assumed by a servant in his employment, the court said:

"When these hazards thus become connected with, and incidental to the employment, and are the direct cause of the accident, such accidents arise out of, as well as in the course of the employment. And the fact that others engaged in their own affairs are more or less exposed to the same street risks does not preclude recovery by an employee who is necessarily exposed to them in performing the duties of his employment contract."

The case of *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435 (L. R. A. 1917A, 252), is also very much in point. In that case the record shows that the employee was required to ride on street cars as he went from place to place to do tree surgery for his employer. While in the performance of his duties he was injured at a street intersection as he was about to take a street car. In holding that the accident arose out of his employment, the court said:

"It is true that in going from one place to another, as was his duty, he naturally was compelled to assume risks not in any way connected with the trimming, planting, and treating of shade trees. But his employment extended further than this and necessarily obliged him, in the discharge of his duties, to go from place to place, and in so doing to assume the risks of traffic upon the streets. Where employees are compelled during the course of their employment to travel about the streets, it does not seem to

us to be unreasonable to say that the danger of being struck by street cars, automobiles, and traffic of every description should be taken account of. We think it must be said that the very nature of the occupation of the deceased itself exposed him to the unusual risk and danger of an accident of this nature."

The case of *Favorite* v. *Kalamazoo State Hospital,* 238 Mich. 566, is distinguishable in its facts from the one before us, but in that case the court quoted with approval the following holding of *In re Harraden,* 66 Ind. App. 298 (118 N. E. 142):

"Where the employment of the injured person requires him to be at the place where his injury is received, and he is in fact at such place in pursuance of the discharge of the duties of his employment, the risk thereby encountered is held to be incident to such employment, though the injury may have resulted from conditions produced by the weather to which persons generally in that locality were exposed."

It is not necessary to extend this opinion by the further quotation of authorities. Many cases more or less applicable are cited in the annotations to 29 A. L. R. 120, and 20 A. L. R. 319.

In view of the law and the undisputed facts, it is our opinion that the commission was right in holding that plaintiff's injury arose out of and in the course of his employment.

The award is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.