LEVCHUK v. KRUG CEMENT PRODUCTS CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INJURY MUST ARISE OUT OF AS WELL AS IN COURSE OF THE EMPLOYMENT. An order of the department of labor and industry denying compensation under the workmen's compensation act to an employee who sustained an injury to his eye when a bird flew against the windshield of the truck in which he was riding to his place of employment, although he was allowed to make the trip on his employer's time, and it was arranged that he might ride to his work in the truck, is affirmed, on certiorari, by an equally divided court, on the theory that while the injury was sustained in the course of the employment, it did not arise out of it.

Certiorari to Department of Labor and Industry. Submitted April 16, 1929. (Docket No. 59, Calendar No. 34,182.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Makary Levchuk presented his claim for compensation against the Krug Cement Products Company and General Accident, Fire & Life Assurance Corporation, insurer, for an accidental injury in defendant cement company's employ. From an order denying compensation, plaintiff brings certiorari. Affirmed by an equally divided court.

*Savery, McKenzie & Hamilton,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

NORTH, C. J. This case is before us for review on certiorari from the department of labor and industry. The plaintiff, Makary Levchuk, was an employee of Mr. Joe Krug, who was doing business

under the name and style of the Krug Cement Products Company. Both parties were subject to the workmen's compensation law of this State, and the risk was carried by the defendant, the General Accident, Fire & Life Assurance Corporation. The Krug Cement Products Company operated a plant in the city of Detroit, where cement blocks were manufactured, and it also owned and operated a gravel pit located several miles north of Detroit. Plaintiff's duties in part consisted of taking charge of the gravel pit and assisting in loading trucks. In accordance with directions given to him by Mr. Krug the day previous, the plaintiff, on January 24, 1928, went to the Detroit plant at 7 o'clock in the morning, where he was to be picked up to be taken to the gravel pit by one Harry Buccilli, who was engaged in hauling gravel by the yard for the Krug company. Harry Buccilli owned and drove a two-ton Reo truck. The plaintiff was riding on the right-hand side of the seat in front, and as they proceeded on their way at a point within 200 feet of the gravel pit a fowl of some kind, probably a pheasant, flew against the windshield of the truck. The impact was sufficient to shatter the glass and a portion of it struck and injured the plaintiff's left eye. He was taken to a hospital, and a few days later the injured eye was removed by the employer's doctor. Plaintiff seeks compensation for the injury thus sustained.

It appears from the record that under an arrangement made by his employer the plaintiff had ridden from Detroit out to the gravel pit on other occasions in trucks employed in hauling gravel for the Krug company. It is admitted by the defendants that plaintiff sustained this injury in the course of his employment; but they deny that it arose out of the employment. This contention of the defendants was

sustained upon the review before the department of labor and industry, and compensation denied to plaintiff.

It, has often been decided that to be compensable an accident must arise out of the employment as well as in the course of the employment. If either of these elements is lacking, then the accident is not compensable. *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916 A, 310). The burden of proof was on the plaintiff herein to show that the injury not only arose during the course of the employment, but also that it arose out of the employment.

"The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence." *Hopkins* v. *Michigan Sugar Co.*, *supra*.

The disposition of the case before us must be based upon the exact facts and circumstances out of which it arose. It is a matter of common knowledge that an accident of this character will rarely be duplicated. Unless the proof justifies us in concluding that this particular risk or danger which resulted in plaintiff's injury was one which was peculiarly incident to his work as the caretaker and watchman of a gravel pit, it cannot be said that the accident arose out of his employment. Surely, it cannot be said that the risk or probability of the plaintiff's being injured by a pheasant or other fowl flying into the windshield of a motor vehicle in which he was riding was any greater because of the fact of his particular

employment as a watchman or caretaker than would have been the risk or probability of injury to any other traveler in an automobile in the same locality. In *Stocker* v. *Southfield Co.*, 244 Mich. 13, Justice Wiest in writing for the court quoted with approval the following:

"Risks to which all persons similarly situated are equally exposed and not traceable in some special degree to the particular employment are excluded. * * * An employee may suffer an accident while engaged at his work or in the course of his employment which in no sense is attributable to the nature of or risks involved in such employment, and therefore cannot be said to arise out of it."

As stated above, it appears from the record that on some other occasions the plaintiff had traveled in a similar manner from the plant in Detroit to the gravel pit, but it does not appear that this was a regular or habitual course of conduct incident to or necessitated by his employment. The real situation here seems to be that the plaintiff was allowed to make the trip to the gravel pit where his services were rendered on the time of his employer; and for plaintiff's convenience it was arranged that he might ride from the Detroit plant to the pit in the truck of one who was hauling gravel by the yard for the Krug company. At the time of the accident the plaintiff was not at his place of employment. He was merely on his way there. It was of no consequence to the Krug company whether the plaintiff walked to the gravel pit, rode a bicycle, or went in Buccilli's truck; but because he happened to be in the latter's vehicle, the plaintiff sustained his injury. To be sure, it was plaintiff's employment that caused him to accompany Buccilli, and to be at the particular place of the accident at the time it happened. But, it is not sufficient

to justify granting compensation that the injured party happened to be because of his employment at the place when and where the accident happened.

"There must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. There must be some causal connection between the employment and the injury in the sense that, by reason of the employment, there was an unusual or additional exposure of the injured party to the.kind or character of hazard and danger * * * which caused the injury. The injury must have its origin in a risk connected with the employment, and must have flowed from that source as a rational and natural course." *California Casualty Indemnity Exchange* v. *Industrial Accident Com.*, 190 Cal. 433 (213 Pac. 257).

See, also, *Klawinski* v. *Railway Co.*, 185 Mich. 643; *Thier* v. *Widdifield*, 210 Mich. 355; *Steffes* v. *Ford Motor Co.*, 239 Mich. 501; *Stocker* v. *Southfield Co.*, 244 Mich. 13.

In the *Klawinski Case* and in the *Thier Case* (above cited) the injured party was struck by lightning while in a barn and during the hours of his regular employment. In this case the plaintiff was in an automobile truck, the windshield of which was struck by a pheasant, causing the injury. In each of the cited cases this court held that the accident resulting from the building or the person being struck by lightning did not arise out of the employment; and likewise it must be held in the instant case that the pheasant striking the windshield and thereby causing plaintiff's injury did not arise out of the employment. It had nothing to do with plaintiff's work as the caretaker and watchman of the gravel pit.

On the question of whether the injury arose out of the employment, it is not a controlling fact that the injured person may have entered upon his day's work. Such was the ruling in *Klawinski* v. *Railway Co., supra; Thier* v. *Widdifield, supra;* and *Andrew* v. *Failsworth Industrial Society* [1904], 2 K. B. 32. Even if Levchuk was in the truck because his employer directed him to use that means of going out to the gravel pit, that circumstance would not be controlling. In the *Klawinski Case, supra,* the deceased was directed by his superior to "come and go to the barn" where he was killed by the bolt of lightning, but compensation was denied.

Reliance is placed by the plaintiff upon the holding in *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435, and *Widman* v. *Murray Corporation*, 245 Mich. 332, but the distinguishing fact is pointed out in each of those cases that as a part of his employment the injured party was required to be where he was and doing the thing that he was doing at the time of the accident, and hence the injury arose out of his employment. That was not true in this case. No part of Levchuk's work took him out upon the highway. Justice McDONALD stresses this phase of the facts in writing the opinion in the *Widman Case, supra,* by saying:

"But, there are certain well recognized fundamentals of responsibility which very often render this general rule inapplicable (*i. e.,* the rule that compensation will not be awarded if the employee incurs no greater hazard or different risk than that sustained by other similarly situated members of the general public). There are present such fundamentals in the instant case. Chief of these is the nature of the duties which the plaintiff was required to perform. It was a condition of his employment

that he should be on this train, which turned out to be a place of danger. The risks to which he was exposed from riding on trains from place to place as he was directed were incidental to his employment. *He was required to ride on trains in the performance of his master's business. This condition of the employment was the proximate cause of his injury.* These undisputed facts fix the responsibility of the defendant regardless of the fact that others riding on the train were exposed to the same risks."

In a similar manner Justice KUHN, who wrote for the court in *Kunze v. Detroit Shade Tree Co., supra,* pointed out a like phase of that case which justified the holding that the ordinary risks of the street were made incidental to the plaintiff's employment by the very nature and scope of the work he was doing. It is stated in the opinion:

"But his (plaintiff's) employment * * * necessarily obliged him, in the discharge of his duties, to go from place to place, and in so doing to assume the risks of traffic upon the streets. Where employees are compelled *during the course of their employment* to travel about the streets, it does not seem to us to be unreasonable to say that the danger of being struck by street cars, automobiles, and traffic of every description should be taken account of."

The commission was right under the undisputed facts in this case in holding that plaintiff's injury did not arise out of his employment and in denying him an award of compensation. The determination of the commission is affirmed.

FEAD, WIEST, and CLARK, JJ., concurred with NORTH, C. J.

MCDONALD, J. (*for reversal*). I am unable to agree with the conclusion reached in this case by the

Chief Justice. It is conceded that the accident to the plaintiff arose in the course of his employment, but it is insisted that it did not arise out of his employment. My Brother argues that it did not arise out of his employment because the danger to which he was exposed in this truck on the highway was no greater or different than that of other members of the general public similarly situated. He quite overlooks the fact that it was a condition of the plaintiff's employment that he should be there on the highway at that time. His employer sent him from the factory to a gravel pit. He could not go as he pleased. The vehicle in which he was to ride was selected for him. He.was required to ride on this truck, and while thus riding he was performing his master's business as truly as he would have been had he been working in the factory or the gravel pit. So, whatever were the hazards to which he was then exposed, they were connected with his employment and incidental thereto. In this sense there was a causal connection between the injury and the employment. His employment compelled him to face those risks to which he was exposed while riding in a truck on the highway. They were authorized by his employer. These facts distinguish the present case from the cases cited and followed by my Brother.

"When these hazards thus become connected with and incidental to the employment, and are the direct cause of the accident, such accidents arise out of, as well as in the course of the employment. And the fact that others, engaged in their own affairs, are more or less exposed to the same street risks, does not preclude recovery by an employee who is necessarily exposed to them in performing the duties of his employment contract." *Cook's Case,* 243 Mass. 572 (137 N. E. 733, 29 A. L. R. 114).

I am unable to distinguish the present case from *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435, and *Widman* v. *Murray Corporation*, 245 Mich. 332.

In the *Kunze Case*, the employee was engaged in trimming trees in the city of Detroit. He left one job to go to another using the street cars as directed by his employer. While at a street intersection, he was knocked down by an automobile and so seriously injured that he died the next day. In holding that it was a compensable accident, the court said:

"We also think that it is a justifiable conclusion that the accident can be fairly traced to his employment as a contributing and proximate cause. It is true that in going from one place to another, as was his duty, he naturally was compelled to assume risks not in anywise connected with the trimming, planting, and treating of shade trees. But his employment extended further than this, and necessarily obliged him, in the discharge of his duties, to go from place to place, and in so doing, to assume the risks of traffic upon the streets."

In the *Widman Case*, the plaintiff was injured while riding on a train in going from one place to another on his employer's business. This court said:

"It was a condition of his employment that he should be on this train, which turned out to be a place of danger. The risks to which he was exposed from riding on trains from place to place as he was directed were incidental to his employment. He was required to ride on trains in the performance of his master's business. This condition of the employment was the proximate cause of his injury. The undisputed facts fix the responsibility of the defendant regardless of the fact that others riding on the train were exposed to the same risks."

These cases are in harmony with the best thought on the subject. They lay down a just and reasonable

rule. On the other hand, the rule which my Brother contends for would exclude from the benefits of the workmen's compensation law many men who are required by their employment to be out of doors where they are exposed to the same risks as other members of the public. As I read his opinion, he fell into this error by following the general rule and failing to note the exceptions that arise when the injury is traceable to the employment. He likens the present case to *Klawinski* v. *Railway Co.*, 185 Mich. 643, and *Thier* v. *Widdifield*, 210 Mich. 355. The *Klawinski Case* goes no farther than to hold that death by stroke of lightning is not an accidental injury within the meaning of the compensation act unless it is combined with some human agency to produce the injury. This was on the theory that all persons in doors or out are exposed to such a risk during electric storms. The intervention of a human agency could be illustrated by the act of an employer in requiring the employee to work near an electric appliance or electric wires which would expose him to a risk peculiar to his employment. In the *Thier Case,* the employee left his work and went into a barn during a severe electric storm. He was struck by lightning while standing by the door near to an electric wire. In holding that the injury was not accidental within the meaning of the statute, the court used this significant language:

"He selected his own position, and had not been asked or directed to stand in that place by Widdifield" (his employer).

If the employer had selected his position, had put him near to the electric wire where he faced the risk of being struck by lightning, undoubtedly the court would have held that there was an accidental injury,

for, in such a case, the employer would have authorized a peril to which others were not exposed.

We think the instant case is controlled by *Kunze v. Detroit Shade Tree Co., supra,* and *Widman v. Murray Corporation, supra.*

The award should be reversed, with costs to the plaintiff.

FELLOWS, POTTER, and SHARPE, JJ., concurred with McDONALD, J.