GIMBEL BROTHERS, INC., and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*October 13—November 9, 1938.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Wenzel Wuerl and Elizabeth Wuerl there was a brief by *John L. Schlatterer* and *Guido E. Gauckler,* both of Milwaukee.

MARTIN, J. Appellants concede that there is ample evidence to support the findings. However, they contend that no finding was made as required by sec. 102.03 (1) (e), Stats., which requires a finding that the injury arose out of deceased's employment. Appellants argue that because of the finding that the deceased had been drinking and was

intoxicated at the time of his injury, and the intoxication of the deceased resulted in his injury and death, the inference must follow that the accident causing injury did not arise out of his employment. Clearly since the amendment in 1933 (ch. 402, Laws of 1933, now sec. 102.03 (1) (e), Stats.) the accident or disease causing injury must arise out of the employment; also under sec. 102.03 (1) (c), at the time of the injury, the employee must be performing service growing out of and incidental to his employment. In other words, appellants contend that because the commission failed to use the statutory words "that the accident arose out of the employment," it failed to find that the accident did in fact arise out of the employment. However, there is the specific finding "that the deceased at the time of his injury was performing service growing out of and incidental to his employment. . . ." There is the further finding "that between 3 p. m. and 3 :30 p. m., while driving the respondents' [Gimbel Brothers'] truck on Twenty-Seventh street in the city of Milwaukee, the deceased lost control of the truck and collided with a lamp post, causing the truck to turn over and causing the injuries to the deceased from which he died on March 29, 1936; that at the time of the injury the deceased had not completed all the deliveries he had to make that day and he was on his way to make a delivery at the time of his injury. . . ." While the examiners further found that prior to the time of his injury the deceased had been drinking and was intoxicated, and the intoxication resulted in his injury and death, they also found that the injury was not intentionally self-inflicted. There is no conflict in the evidence. There can be no doubt as to what the commission meant by the language used in the findings made. While the exact language of the statute is not employed in a finding that the accident arose out of the employment, there is a finding "that the deceased at the time of his injury was per-

forming service growing out of and incidental to his employment. . . ." The findings and uncontradicted evidence sustain the award made, and the judgment must be affirmed unless the finding as to intoxication as a matter of law prevents any award being made. Sec. 102.58, Stats. 1935, provides:

"Where injury is caused by the wilful failure of the employee to use safety devices where provided by the employer, or where injury results from the employee's wilful failure to obey any reasonable rule adopted by the employer for the safety of the employee, *or where injury results from the intoxication of the employee, the compensation, and death benefit provided herein shall be reduced fifteen per cent.*"

The compensation act only provides for a fifteen per cent decrease in compensation when the "injury results from the intoxication of the employee." The above statute was enacted in 1913. Prior to that time, no reduction was made in the compensation provided for because the employee was intoxicated when injured. If it had been the intention of the legislature to penalize employees who violated any law either wilfully or otherwise while in the course of their employment, they would have so provided. As the compensation act now provides, the only penalty visited on employees where injury results from their intoxication is a reduction of fifteen per cent from the amount they would otherwise be entitled to.

Appellants argue that the deceased employee when injured was violating secs. 85.13 and 85.81 (3), Stats. The former provides:

"It shall be unlawful for any person . . . who is under the influence of an intoxicating liquor or narcotic drug, to operate any vehicle upon any highway."

The latter section provides:

"Any person who, while operating any vehicle in a drunken condition, or in a reckless, wilful or wanton disregard of the

rights or safety of others, shall inflict injury upon any person, shall be guilty of criminal negligence, and upon conviction shall be punished," etc.

The appellants claim that the deceased was instructed in writing at the time of his employment that Gimbel Brothers would not pay "the fine of a driver arrested for speeding, misconduct, reckless driving, or any violation of the state or any city ordinances" and that "every driver must familiarize himself with traffic regulations."

In *Nekoosa-Edwards P. Co. v. Industrial Comm.* 154 Wis. 105, 141 N. W. 1013, the award was on account of the death of the employee. The circuit court set aside the award on the ground that the Industrial Commission acted in excess of its power in finding that the death was not caused by wilful misconduct. The statute at that time (sec. 2394—4 (3), Stats. 1911) provided for compensation:

"(3) Where the injury is proximately caused by accident, and is not so caused by wilful misconduct."

The commission made a finding that (p. 107) :

"The death of Pat Smith was proximately caused by accident and was not caused by wilful misconduct; that at the time of such accident Pat Smith was in an intoxicated condition which proximately caused the accident."

In reversing the judgment of the circuit court, this court said (p. 108) :

"But there are many cases where, although the drinking is intentional, the intoxication is not; as for instance where one by reason of fatigue, hunger, sickness, or some abnormal condition becomes intoxicated in consequence of inbibing a quantity of liquor which ordinarily would not so affect him. While intoxication in such case to the degree specified might be a misdemeanor under the statute quoted, it is not necessarily wilful misconduct within the compensation act. The intoxication might, under such circumstances, be the proximate cause of an accident resulting in injury or death and

yet not have reached that degree specified in this statute, as in case where it produced mere drowsiness."

Since this decision the statute has been amended to read:

"102.03 (1) . . . (d) Where the injury is not intentionally self-inflicted."

In the instant case, the commission found that the injury "was not intentionally self-inflicted." In the *Nekoosa-Edwards P. Co. Case, supra,* referring to the evidence on the issue of intoxication, the court said (p. 108):

"There was therefore room to find upon the evidence not only with respect to the degree of intoxication, but that there was no intention or purpose to put himself in a dangerous or helpless condition of intoxication. The Industrial Commission has jurisdiction to pass on these very questions, and their finding above referred to does determine these questions. It finds that Smith was in an intoxicated condition which proximately caused the accident, but that the accident was not caused by wilful misconduct. This means that he did not wilfully bring upon himself such degree of intoxication."

So in the instant case, the issues as to the intoxication of the deceased and as to his intention were issues of fact for the commission to determine. The findings made are sustained by credible evidence.

If an employee is otherwise acting within the scope of employment, recovery is not defeated because he violated some rule or statute. *Continental Baking Co. v. Industrial Comm.* 222 Wis. 432, 438, 267 N. W. 540. See Annotation: 23 A. L. R. 1161; 26 A. L. R. 166; 58 A. L. R. 197.

The rule stated in 23 A. L. R. 1164, is as follows:

"It follows that the fact that the injury was received while violating some rule, or instruction, or statutory prohibition, or even in consequence of such violation, will not necessarily prevent it from being considered as arising out of and in the course of the employment."

The appellants make the further contention that the deceased was employed as a truck driver with a specific route to follow, and that at the time in question, either due to his intoxication or purposes of his own, he had deviated from his route, and while so doing was injured, and for that reason had taken himself outside of the scope of his employment. It appears without dispute, and the commission found, that at the time of the injury the deceased had not completed all the deliveries he had to make that day, and he was on his way to make a delivery at the time of his injury. It appears by stipulation that the route sheet furnished by the employer showed that the last address checked off was 2264 Layton boulevard; that the next delivery was to be made at 2644 South Twenty-Eighth street; that on the day in question Wuerl had fifty-three stops to make and had made forty-three stops up to the time of the accident. It was further stipulated that had Wuerl followed the usual and customary route from 2264 Layton boulevard to 2644 South Twenty-Eighth street, he would have traveled five or six blocks. It was further stipulated that it would be possible for him to proceed south on Twenty-Seventh street to Oklahoma avenue, then west to Twenty-Eighth street, then north to 2644 South Twenty-Eighth street. This route involved a travel of approximately thirteen blocks.

Now the mere fact that the employee failed to take the shortest route between his last place of delivery and the place where delivery was next to be made does not take him outside of the course of his employment. *Racine County v. Industrial Comm.* 210 Wis. 315, 318, 319, 246 N. W. 303.

*By the Court.*—Judgment affirmed.