NUTRINE CANDY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 12—April 13, 1943.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

WICKHEM, J.    This case has to do with the effect of intoxication upon the right of an employee to have compensation for injuries sustained as the proximate result of the intoxication.

Perlman, Black, and defendant, Ryan, were employees of plaintiff company.  The company had called a meeting of its salesmen at Minneapolis.  Black and Perlman lived in Milwaukee, drove to Madison and picked up Ryan there. They arrived in Madison about 6 o'clock in the morning and started for Minneapolis about 7 o'clock, Black driving and Ryan sitting beside him in the front seat.  They stopped at Mauston where both Black and Ryan drank some whiskey.

They again stopped at Tomah, and at Ryan's suggestion went into a tavern where Ryan and Black again ordered whiskey. Perlman left the tavern, thinking that Ryan and Black would follow him, but after his return in about half an hour, found the two still drinking. He then left and went to Minneapolis by train.

Some time later, Black and Ryan left Tomah and drove to Menomonie. The time of leaving Tomah is not clear from the record. At Menomonie they stopped and had a drink and some lunch and then returned to the tavern and did some more drinking. Their recollections are hazy as to what went on in Menomonie but they finally left Menomonie with Black driving. The car left the road and Ryan was injured. It is claimed that this is a case of wilful intoxication; that the excesses of Ryan and Black are so gross that it must be considered that their intention was wilfully to become intoxicated; that under the circumstances the injury must be considered to have been intentionally inflicted, and further, that at the time of the injury, neither Ryan nor Black were performing services growing out of their employment, or incidental thereto, and that the accident did not arise out of their employment.

In the case of *Nekoosa-Edwards P. Co. v. Industrial Comm.* (1913) 154 Wis. 105, 141 N. W. 1013, this court found it necessary to consider the conditions under which intoxication of an employee might constitute wilful misconduct. This decision involved an accident which happened on March 24, 1913, at which time sec. 2394—4 (3), Stats. 1911, provided liability for compensation where several conditions concur, one of which was "where the injury is proximately caused by accident, and is not so caused by wilful misconduct." There was at that time no provision in the Workmen's Compensation Act for penalizing employees in case of intoxication. It will thus be seen that the court in the *Nekoosa-Edwards P. Co. Case, supra,* had a quite different problem before it.

The question whether intoxication constituted in and of itself gross negligence and whether due to the holding in Wisconsin that gross negligence approaches wilful misconduct there could be any compensation under a statute excluding compensation in cases of wilful misconduct was a close and difficult one. The following legislature enacted amendments to the Workmen's Compensation Act by ch. 599, Laws of 1913. This enactment went into force and effect on June 30, 1913, too late, of course, to apply to the facts of the *Nekoosa-Edwards P. Co. Case, supra.* By sec. 1 of this amendment 2394—4 (3) was amended as follows:

"(3) Where the injury is proximately caused by accident, and is not intentionally self-inflicted." (Now sec. 102.03 (1) (d).)

There was added to sec. 2394—9, Stats., the proviso penalizing employees in cases where intoxication proximately caused the compensable injury. This was sec. 2394—9 (5) (d). It is now sec. 102.58 and reads as follows:

"Where injury is caused by the wilful failure of the employee to use safety devices where provided by the employer, or where injury results from the employee's wilful failure to obey any reasonable rule adopted by the employer for the safety of the employee, or where injury results from the intoxication of the employee, the compensation, and death benefit provided herein shall be reduced fifteen per cent."

It is apparent that the legislature has deliberately discarded wilful misconduct as a criterion, together with all the fictions and constructions attaching to the concept of gross negligence, and has adopted in its place as an excluding factor an "intentionally self-inflicted" injury. It provides for the intoxication cases by the penalty clause. It was so held in the case of *Gimbel Bros v. Industrial Comm.* 229 Wis. 296, 282 N. W. 78, and we adhere to the conclusions arrived at in that case. The wisdom of a policy which permits drunken employees to

recover even a diminished compensation, where the intoxication causes injury, may be arguable as an original proposition, but after all, this is a matter in which the legislative intention is clear and the legislative power is plenary. We conclude that the trial court properly decided that this is not a case of intentional self-injury.

The claim that by going on a drunken spree applicant took himself out of the course of employment must be rejected. He was actually en route to Minneapolis at the time he was injured. It is true that he had made a departure from the course of employment, and if he had been injured in a tavern, no doubt a very strong argument could be made that he was out of the course of employment and entitled to no compensation. With respect to this, see *Barragar v. Industrial Comm.* 205 Wis. 550, 238 N. W. 368. However, under the evidence in this case, the Industrial Commission was entitled to conclude that he had returned to his duties at the time of the injury.

In one respect, we consider that the commission and the trial court were in error. Both held that since the applicant was not driving the car, the intoxication was not the proximate cause of his injury. If this is true, of course, all the contentions previously discussed would be irrelevant. We think, however, that it is not true. It was clearly negligence for applicant to get into the car, and proceed with a drunken driver, especially when he himself was in no condition to counsel the driver or act for his own safety. The accident may have resulted from the driver's negligence, but applicant's injury was proximately contributed to by his intoxication. We consider that the fifteen per cent penalty should be inflicted. It follows that the judgment must be modified to this extent.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified, is affirmed.