KARLSLYST and another, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*September 17—October 12, 1943.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *H. H. Otjen*.

Rosenberry, C. J.   Kenneth Wikum and a fellow employee were sent by J. S. Karlslyst, their employer, from Stoughton to Jewett, Wisconsin, in a Mack semitrailer truck to get some equipment for their employer and bring it back to Stoughton.   The two men took turns at driving the truck.   On January 27, 1942, at about 2 o'clock in the afternoon, while his fellow employee was driving on United States Highway 12, about half a mile to a mile past Baldwin, Kenneth Wikum left the seat of the truck and stood on the right running board intending to urinate.   The truck was moving at about twenty-five to thirty miles an hour.   While on the running board Wikum lost his hold, fell to the ground and broke his left leg and a tooth.

The Industrial Commission found that at the time of the injury Wikum was performing services growing out of and incidental to his employment and ordered the payment of compensation.   The circuit court set aside the order of the commission.   The trial court was of the view that the applicant was performing or about to perform a criminal act, that is, to commit indecent exposure.   The trial court was also of the view that under the provisions of sec. 85.39, Stats., which provides that it shall be unlawful for any person to ride on any vehicle upon any portion thereof not designed or intended for the use of passengers when the vehicle is in motion, the claimant was violating a statutory provision intended for his protection.   While the trial court recognized the rule that the mere breach of statutory duty does not bar recovery under the compensation act (*Gimbel Bros. v. Industrial Comm.* (1938) 229 Wis. 296, 302, 282 N. W. 78), it held that—

"There was nothing natural about what he was attempting at all.   It was the unnatural, unreasonable, preposterous and silly—in addition to being about criminal."   The claimant's

injuries were not proximately caused by his attempt to urinate but that he deliberately placed himself in a place of danger. "He courted injury. He should be barred from compensation." Citing *Peterman v. Industrial Comm.* (1938) 228 Wis. 352, 280 N. W. 379.

In the *Peterman Case, supra,* the claimant in order to demonstrate his prowess, and for no other purpose, attempted to stop a shaft motivated by a motor. As a result he was whirled to the ground and sustained severe injuries to his arm and hand. The trial court held and this court affirmed the holding that claimant was not at the time of the accident performing services growing out of and incidental to his employment. It is well established in this state that in answering a call of nature an employee does not take himself outside of the course of his employment. *Milwaukee Western F. Co. v. Industrial Comm.* (1915) 159 Wis. 635, 150 N. W. 998; *Simmons Co. v. Industrial Comm.* (1933) 211 Wis. 445, 248 N. W. 443; *Yawkey-Bissell Lumber Co. v. Industrial Comm.* (1934) 215 Wis. 99, 253 N. W. 793.

Under the Wisconsin statute negligence of the employee does not bar liability of the employer for compensation. *Milwaukee E. R. & L. Co. v. Industrial Comm.* (1933) 212 Wis. 227, 247 N. W. 841. Nor is an employee barred from receiving compensation because of violating some statutory rule or a command of the employer. *Gimbel Bros. v. Industrial Comm., supra; Frint Motor Car Co. v. Industrial Comm.* (1919) 168 Wis. 436, 170 N. W. 285.

There can be no doubt that under the decisions claimant, who was one of the two drivers of the truck, was at the time he sustained his injuries performing services growing out of and incidental to his employment, and while he was engaged in the performance of an act which was probably negligent, certainly silly and unnecessary, he was still in the course of his employment when he was accidentally injured.

*By the Court.*—The judgment is reversed, and the record remanded with directions to affirm the order of the Industrial Commission.