Kosteczko, Appellant, vs. Industrial Commission and others, Respondents.

*September 11—October 6, 1953.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents State Fair Park, Inc., and United States Fidelity & Guaranty Company there was a brief by *Bendinger, Hayes & Kluwin,* attorneys, and *Donald J. Tikalsky* of counsel, all of Milwaukee, and oral argument by *Mr. John A. Kluwin* and *Mr. Tikalsky.*

GEHL, J.   The commission found, upon practically undisputed testimony:

"That the deceased was employed by the respondent as an operator of a ride in an amusement park; that deceased was required to remain at his ride while the park was open and could only leave if a relief operator was provided; that the deceased left his ride without relief and took a ride on the adjacent ride, during which time he met his death; that by such action deceased deviated from the course of his employment; that the accident causing injury was not sustained in the course of and arising out of his employment for the respondent."

It appears, also without dispute, that he rode on the "Whip" solely for his own amusement, and that he had no duties to perform in connection with its operation.

Where an employee is injured in the performance of an act in furtherance of his own purposes and without the scope of his employment, the master is not liable. *Peterman v. Industrial Comm.* 228 Wis. 352, 280 N. W. 379. He may not recover for an injury received while doing work entirely

different from that assigned him, against orders and for his own benefit. *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, 183 N. W. 168.

Claimant contends that the case calls for application of the rule that when it is established that an employee has entered upon the performance of his duties and is found at a place where he might properly be in the discharge of his duties, nothing appearing to the contrary, the presumption of continuity of service obtains. The difficulty with that contention is that in this case there is something which appears to the contrary—deceased left his assigned place of employment without relief and took a ride on an adjacent device. By such action he deviated from the course of his employment. If the applicant were entitled to the benefit of the presumption, the evidence is more than sufficient to rebut it. *Armstrong v. Industrial Comm.* 254 Wis. 174, 35 N. W. (2d) 212.

*By the Court.*—Judgment affirmed.