OLSON and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*May 4—June 5, 1956.*

For the appellants there were briefs by *Kivett & Kasdorf,* attorneys, and *A. W. Kivett* and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. A. W. Kivett* and *Mr. Clack.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent James Dahl there was a brief by *Fugina, Kostner & Ward* of Arcadia, and oral argument by *LaVern G. Kostner.*

BROADFOOT, J. The plaintiffs challenge the finding that Dahl was performing services growing out of and incidental to his employment at the time of his injury. It is their contention that Dahl deviated from his employment when he sought recreation at the liquor store; that there is a presumption of continuity of his personal business and that he was still out-

side the scope of his employment when the accident occurred; that a person under legal arrest is incapable of entering any sphere of private employment until released by due process of law; that his sole intention upon entering the truck was to escape from the authorities; that the crime of escape is a serious one; and that public policy requires that the perpetrators of crimes should not be compensated for injuries received while committing a crime.

Dahl had deviated from the course of his employment by stopping at the liquor store. The issue is whether he had returned to his duties at the time of his injury. That became a question of fact to be determined by the commission. *Nutrine Candy Co. v. Industrial Comm.* 243 Wis. 52, 9 N. W. (2d) 94. The other issues also present questions of fact to be determined by the commission. It is unnecessary to rely upon any presumptions. When injured, Dahl was driving his employer's truck on the direct and usual route from Claremont to Blair. If it be conceded that he had a dual purpose, one to flee from the officer and the other to deliver the corn to his employer's place of business as he had been directed to do, that did not take him outside the scope of his employment. *Johnson v. Industrial Comm.* 222 Wis. 19, 267 N. W. 286; *Continental Baking Co. v. Industrial Comm.* 222 Wis. 432, 267 N. W. 540.

In *Gimbel Bros. v. Industrial Comm.* 229 Wis. 296, 282 N. W. 78, an intoxicated truck driver was fatally injured when he lost control of his truck, and this court said (p. 302):

"If an employee is otherwise acting within the scope of employment, recovery is not defeated because he violated some rule or statute. *Continental Baking Co. v. Industrial Comm.* 222 Wis. 432, 438, 267 N. W. 540. See Annotation: 23 A. L. R. 1161; 26 A. L. R. 166; 58 A. L. R. 197."

If appellants' contention is followed literally, Dahl might never be able to resume his status as an employee of Olson

if the Minnesota authorities failed to proceed further against him. It is a logical inference that the Minnesota authorities will so fail. They released Marsolic, who had compounded his offense by resisting arrest, without preferring formal charges against him. The "serious crime of escape" mentioned by the plaintiffs is a misdemeanor under the provisions of sec. 613.29 of the Minnesota statutes, when applied to the facts of this case.

In addition to the testimony of the police officer as to Dahl's conduct at the liquor store, the sheriff of the county testified that he was notified of the accident and arrived at the scene thereof prior to the time that Dahl was removed to a hospital by ambulance. He smelled liquor on Dahl's breath. In addition thereto the physical facts show that Dahl drove for some distance on the left-hand or north shoulder of the highway. While so driving he struck a shallow concrete spillway designed to carry water from the highway to the ditch. This caused his truck to swerve to the south side of the road and he had succeeded in turning it somewhat to the left when it overturned upon the highway. Dahl contends that the testimony does not warrant the findings by the commission that he was intoxicated and that his injury resulted from his intoxication. He contends that the accident was caused because of a locked front wheel. His own expert testified that some bolt was bent at the time he struck the concrete spillway and that this resulted in a locking of the brake mechanism so that it was impossible for the wheel to revolve. It is fair to assume that he drove on the wrong side of the highway because of his intoxication. No other reason appears therefor. The findings by the commission were fully warranted by the testimony.

*By the Court.*—Judgment affirmed.