M. W. MARTIN, INC., Plaintiff and Appellant, v. INDUSTRIAL COMMISSION and another, Defendants and Respondents: WESTERN CASUALTY & SURETY COMPANY, Plaintiff and Appellant.

*April 7—May 2, 1961.*

576

For the appellants there was a brief and oral argument by *John A. Moore* of Oshkosh.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general, joined in by *Thompson & Thompson* of Oshkosh, for Dolores Schroeder, and oral argument by *Andrew C. Thompson.*

CURRIE, J.   It is the position of counsel for the appellant employer that there is no support in the evidence for the commission's finding of fact that the employer had not issued an order to the deceased employee prohibiting him from going down into the excavated ditch.  Based upon the premise that such an order had been issued on the morning of the accident, counsel advances these two contentions:

(1) The violation of such order by the deceased in going down into the trench caused him to be without the course of his employment at the time the fatal accident occurred.

(2) In any event, such violation constituted a wilful failure to obey a reasonable rule of the employer which, under the provisions of sec. 102.58, Stats., would require a 15 per cent reduction in the benefits awarded.

We find it unnecessary to determine whether the commission's finding of fact, that no order had been issued by the employer to the employee prohibiting him from entering the excavated ditch, is unsupported by the evidence, and whether this court must accept as a verity the uncontradicted testimony that such an order had been given. Without deciding such point, we will assume for the purpose of determining the other two issues raised that such an order had been given.

The plaintiff's brief cites *Fournier v. Androscoggin Mills* (1921), 120 Me. 236, 113 Atl. 270, 23 A. L. R. 1156, and *Hibberd v. Hughey* (1923), 110 Neb. 744, 194 N. W. 859, as holding that an employee, who engages in an activity in disobedience of an order of his employer, thereby removes himself from the course of his employment so as to bar him from workmen's compensation benefits if he is injured while so engaged. However, our statute, sec. 102.03 (1) (c), does not require that an injury, in order to be compensable, be "within the scope of employment," but only that at the time thereof the employee be performing service *"growing out of and incidental to his employment." Butler v. Industrial Comm.* (1953), 265 Wis. 380, 386, 61 N. W. (2d) 490. Furthermore, we deem that past decisions of this court have pretty well differentiated the type of situation in which disobedience of an employer's order will not bar such employee, or his beneficiary, from workmen's compensation benefits from the one in which such disobedience is held to bar recovery of such benefits. Therefore, it is unnecessary to draw upon the decisions of other jurisdictions for assistance in resolving the instant appeal.

In *Frint Motor Car Co. v. Industrial Comm.* (1919), 168 Wis. 436, 170 N. W. 285, a mechanic was given charge of his employer's pit at automobile races. He was to work on his employer's cars there and not leave the pit. Contrary to orders he left the pit and stood upon the fence at the inside of the race track. While there, during a race, he saw one of his employer's cars stop on the track a short distance away. He ran toward it, apparently to render assistance. However, before reaching it he was struck by another racing car and killed. It was therein held that the fact, that he was on the track in disobedience of his employer's orders, did not prevent its being determined that at the time of the accident he was performing service growing out of and incidental to his employment.

The case of *Radtke Bros. & Korsch Co. v. Rutzinski* (1921), 174 Wis. 212, 183 N. W. 168, involved injury to a fourteen-year-old boy employed by a printing and book-binding establishment. His duties did not require that he operate any of the machines in the plant, and he was instructed by the employer to keep away from all machines. Contrary to such instructions, he operated a machine for cutting pasteboard in order to cut off the edges of a tablet he had made for his personal use at his own home. In so doing he cut off the ends of two fingers. This court reversed an award of workmen's compensation benefits, and held that at the time of injury the boy was not performing services growing out of and incidental to his employment. The rationale of the decision was that an employee may not recover workmen's compensation benefits for an injury received while doing work entirely different from that assigned to him, against orders, and for his own personal benefit and not that of the employer.

Another workmen's compensation case involving a disobedience of instructions by the employee is *Kosteczko v.*

*Industrial Comm.* (1953), 265 Wis. 29, 60 N. W. (2d) 355. The employee was placed in charge of an amusement ride at the state fair and was instructed not to leave the same except when relieved by another employee. Contrary to such orders, he left the ride unattended in order to ride on another device known as the "Whip" for his own enjoyment. He was thrown therefrom and killed. It was determined that, because of his disobedience of orders and his riding on the other amusement device for his own personal benefit, his mother was not entitled to workmen's compensation death benefits, citing *Radtke Bros. & Korsch Co. v. Rutzinski, supra.*

In *Butler v. Industrial Comm., supra,* a village marshal at the time of his hiring was instructed to confine his official activities to the limits of the village. An automobile accident occurred outside of the village limits. The marshal was on duty at the time, went to the scene of the accident, and was killed as the result of being struck by a passing car. Recovery of workmen's compensation death benefits was permitted in spite of the marshal's disobedience of his instructions. The court's opinion cited both the *Frint Motor Car Case* and the *Kosteczko Case* and distinguished each from the other. The differentiation made was that in the first-mentioned case the employee at the time of fatal injury was attempting to perform an act he considered to be for the benefit of his employer, while in the latter case the employee was on a "frolic of his own."

This court also gave recognition to such differentiation in *Sheboygan Airways v. Industrial Comm.* (1932), 209 Wis. 352, 245 N. W. 178. The opinion therein stated that in *Radtke Bros. & Korsch Co. v. Rutzinski, supra,* a rule was laid down that a workmen's compensation claimant cannot recover where he performs forbidden acts outside the range of his service. Then, in commenting on such rule, this court declared (p. 359) :

"Of course, that rule is not applicable when an employee, in furtherance of his employer's interests and not merely to further his own personal ends, commits some acts of disobedience as in *Frint Motor Car Co. v. Industrial Comm.* 168 Wis. 436, 170 N. W. 285."

See also *Gimbel Bros. v. Industrial Comm.* (1938), 229 Wis. 296, 302, 282 N. W. 78, and *Fliteways, Inc., v. Industrial Comm.* (1946), 249 Wis. 496, 502, 24 N. W. (2d) 900.

If it be assumed that Schroeder, the employee in the instant case, had entered the ditch in disobedience of the order of his employer, there can be no doubt that he did so for the purpose of assisting the work of the employer and not for any personal benefit to himself. Therefore, the result is ruled by the *Frint Motor Car* and *Butler Cases* and not those of *Radtke Bros. & Korsch Co. v. Rutzinski, supra,* and *Kosteczko v. Industrial Comm., supra.*

Counsel for the appellant call to our attention a statement appearing in the court's opinion in *Anderson v. Industrial Comm.* (1947), 250 Wis. 330, 333, 27 N. W. (2d) 499, to the effect that the activities of the employee in that case at time of injury were carried on "for the purpose of advancing the employer's interests and did not violate any instruction to the contrary." A similar statement occurs in *Nelson Motors v. Industrial Comm.* (1958), 2 Wis. (2d) 614, 618, 87 N. W. (2d) 241. Neither the *Anderson Case* nor the *Nelson Motors Case* involved a disobedience of instructions by an employee. The reference therein to there having been no violation of an order of the employer was superfluous. It was also unfortunate in light of our holdings in the *Frint Motor Car* and *Butler Cases.*

We now turn to the last issue raised by the appellant employer, viz., that the employee Schroeder's disobedience of the employer's order not to enter the ditch requires that the award of benefits be reduced by 15 per cent pursuant to

sec. 102.58, Stats. However, there would be no wilful disobedience of such order if Schroeder had accidentally fallen into the ditch instead of entering the same voluntarily. The burden of proof, to establish a wilful violation of a safety rule by the employee so as to require imposition of the 15 per cent reduction in benefits, is on the employer. The commission made a specific finding of fact "that it cannot be determined from the record herein whether the deceased entered the ditch intentionally or accidentally." Strictly this is not a finding of fact but a statement of its inability on the state of the evidence to make one on the issue of whether Schroeder had voluntarily entered the ditch.

The following evidence tends to support an inference that Schroeder's entrance into the ditch at the time of the cave-in was involuntary: The depth of the ditch at the time of the accident was from 10 to 11 feet. Andre testified that with a ditch of that depth and usual practice followed was to lower the employee down with the power shovel, unless the plumber was present with a ladder. In such latter event the ladder would be used by the employee to go down into the ditch. At the time of the accident, the plumber was not there and there is no evidence of any ladder being present. It is highly significant that Schroeder had been lowered into the ditch by means of the power shovel at the time he dug out the second stone, although the ditch then was not nearly as deep as it was at the time of the cave-in. Furthermore, about five or ten minutes before such cave-in, Schroeder had come over to the power shovel in order to be lowered into the ditch and Andre had signaled him with a shake of his head not to go into the excavation.

The only evidence, which might tend to support an inference that Schroeder voluntarily descended into the ditch at the time of the fatal accident, is that the hand shovel he had previously used was found afterward in close proximity to,

and in front of, his body, under the soil which had caved in on top of him. We deem this evidence to be wholly insufficient to compel the commission to find that Schroeder's entrance into the ditch had been intentional. This is especially so in view of the possibility that, if Schroeder fell into the ditch, he may have had the shovel in his hand at the time.

We treat the commission's finding "that it cannot be determined from the record herein whether the deceased entered the ditch intentionally or accidentally" as the equivalent of a determination that the employer has failed to meet its burden of proof that there had been an intentional and wilful violation by Schroeder of a reasonable safety rule. On such basis we affirm such determination.

*By the Court.*—Judgment affirmed.