GRANT COUNTY SERVICE BUREAU, INC., Appellant, v. IN-DUSTRIAL COMMISSION and another, Respondents.

*October 28—November 24, 1964.*

580.

For the appellant there was a brief by *Kenneth M. Orchard* of Madison, attorney, and *L. James Leitl* of Platteville of counsel, and oral argument by *Mr. Orchard*.

For the respondent Industrial Commission the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the respondent Shirley Hoadley there was a brief by *Morse & Morse* of Lancaster, and *W. L. Jackman* of Madison, and oral argument by *Mr. Jackman.*

BEILFUSS, J.   The plaintiff, the appellant employer, contends that the evidence will not sustain the finding of ultimate fact that the deceased employee was fatally injured while performing services in the course of and incidental to his employment. It argues (1) that the employee was on a "frolic of his own" and that the employee's activities were of no benefit to the employer, and (2) that the employee was in wilful disobedience of the employer's directions.

Two basic rules of primary concern in appellate review of workmen's compensation cases of this type are (1) if the credible evidence or reasonable inferences support the commission's findings they are conclusive even though there may be credible evidence to sustain a contrary finding. *Milwaukee v. Industrial Comm.* (1963), 21 Wis. (2d) 129, 124 N. W. (2d) 112; *Indianhead Truck Lines v. Industrial Comm.* (1962), 17 Wis. (2d) 562, 117 N. W. (2d) 679; *Schuh v. Industrial Comm.* (1958), 2 Wis. (2d) 611, 87 N. W. (2d) 256; *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 99 N. W. (2d) 182; and (2) that the workmen's compensation statute must be liberally construed in favor of including all services that can reasonably be said to come within the statute. *Western Condensing Co. v. Industrial Comm.* (1952), 262 Wis. 458, 55 N. W. (2d) 363; *Severson v. Industrial Comm.* (1936), 221 Wis. 169, 266 N. W. (2d) 235.

The pertinent section of the statute is in part as follows:

"Sec. 102.03 CONDITIONS OF LIABILITY. (1) Liability under this chapter shall exist against an employer only where the following conditions concur: . . .

"(c) 1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his employment."

In *M. W. Martin, Inc., v. Industrial Comm.* (1961), 13 Wis. (2d) 574, 580, 109 N. W. (2d) 92, wherein the issue of disobedience of employer's orders was considered, we said:

"The plaintiff's brief cites *Fournier v. Androscoggin Mills* (1921), 120 Me. 236, 113 Atl. 270, 23 A. L. R. 1156, and *Hibberd v. Hughey* (1923), 110 Neb. 744, 194 N. W. 859, as holding that an employee, who engages in an activity in disobedience of an order of his employer, thereby removes himself from the course of his employment so as to bar him from workmen's compensation benefits if he is injured while so engaged. However, our statute, sec. 102.03 (1) (c), does not require that an injury, in order to be compensable, be 'within the scope of employment,' but only that at the time thereof the employee be performing service *'growing out of and incidental to his employment.'* *Butler v. Industrial Comm.* (1953), 265 Wis. 380, 386, 61 N. W. (2d) 490. Furthermore, we deem that past decisions of this court have pretty well differentiated the type of situation in which disobedience of an employer's order will not bar such employee, or his beneficiary, from workmen's compensation benefits from the one in which such disobedience is held to bar recovery of such benefits. Therefore, it is unnecessary to draw upon the decisions of other jurisdictions for assistance in resolving the instant appeal."

The *Martin* decision discusses several other disobedience cases. Those allowing recovery are: *Frint Motor Car Co. v. Industrial Comm.* (1919), 168 Wis. 436, 170 N. W. 285; *Olson v. Industrial Comm.* (1956), 273 Wis. 272, 77 N. W. (2d) 410; *Sheboygan Airways, Inc., v. Industrial*

*Comm.* (1932), 209 Wis. 352, 245 N. W. 178; and *Butler v. Industrial Comm.* (1953), 265 Wis. 380, 61 N. W. (2d) 490. Two cases denying compensation are: *Radtke Brothers & Korsch Co. v. Rutzinski* (1921), 174 Wis. 212, 183 N. W. 168; and *Kosteczko v. Industrial Comm.* (1953), 265 Wis. 29, 60 N. W. (2d) 355.

From these cases the rule is adduced that if the disobedient actions were undertaken in furtherance of the employer's interests rather than the employee's, compensation is to be granted. The *Radtke* and *Kosteczko Cases* held that the disobedient actions under the facts presented were solely for the employee's benefit, no benefit occurred to the employer, and compensation was denied.

From evidence in the record the commission could find that Hoadley, the deceased employee, was attempting to repossess the TV antenna for the benefit of his employer and not for the personal interest to obtain it for himself. The commission could further find as an ultimate fact that Hoadley's actions were in the furtherance of the employer's interest and as a conclusion of law that he was performing services growing out of and incidental to his employment.

The employer contends that the employee, in addition to wilful disobedience, violated the rule of the state commissioner of banks [1] which subjected the employer to possible loss of its collector's license, and that such disobedience and violation should defeat a right to compensation.

The banking department regulation in substance requires the collecting agency to furnish an agreement to the owner listing the accounts, the date such accounts were received, and rates to be charged and amount to be collected. A violation of this order could subject the employer to a loss of license.

---

[1] Secs. 218.04, 218.04 (5), 218.04 (7), Stats.; sec. Bkg 74.02, 1 Wis. Adm. Code.

It was the practice of the plaintiff employer to "set up" the accounts to be worked by compliance with this banking department regulation. It appears without dispute that the accounts in question were not "set up" by the employer and that it, in fact, ordered that they not be "set up" but returned to the owner because of the employer's belief that the accounts were uncollectible.

The employer did not know the accounts were secured by conditional sales contracts. Hoadley, upon his own investigation, determined they were and then, unknown to his employer, proceeded to repossess the TV set and antenna in the manner set forth above.

While the repossession of the TV and the antenna by Hoadley was in wilful disobedience to his employer's directions and in violation of a strict interpretation of the banking department rule, the violation of the rule in no way contributed to or caused his injury.[2]

In *Gimbel Brothers v. Industrial Comm.* (1938), 229 Wis. 296, 302, 282 N. W. 78, we stated:

"If an employee is otherwise acting within the scope of employment, recovery is not defeated because he violated some rule or statute. *Continental Baking Co. v. Industrial Comm.* 222 Wis. 432, 438, 267 N. W. 540. See Annotation: 23 A. L. R. 1161; 26 A. L. R. 166; 58 A. L. R. 197."

See also *Karlslyst v. Industrial Comm.* (1943), 243 Wis. 612, 11 N. W. (2d) 179.

We are of the opinion that there is sufficient credible evidence to support the findings of the commission and that judgment should be affirmed.

We do not reach the question of workmen's compensation coverage in those instances where an employee wilfully disobeys an order of the employer based upon the employer's

---

[2] This is not an instance of a violation of a safety rule so as to reduce recovery by 15 percent as provided in sec. 102.58, Stats.

business policy limiting the scope and methods of the business as a part of managerial prerogative. The record in this case does not reveal an established business policy on the part of the employer that it would not engage in repossessions.

*By the Court.*—Judgment affirmed.

HALLOWS, J. (*dissenting*). When the disobedience of an employee is deliberate and wilful and involves a matter of business policy falling within the scope of the managerial prerogative and not within the performance of the employee's duty, an employee who is injured under such circumstances is not performing services "growing out of and incidental to his employment." Prior decisions of this court allowing recovery in disobedience cases have involved safety rules or method of performance of an employee's duties. This case is not one of an employer's forbidding an employee from going on a roof of a building to recover a television antenna in the course of performing his duties but rather a case where the employee in disobedience determined what business his employer should engage in and in performing that business was injured. It matters not in such a case whether the employee thinks he is furthering the employer's business. The employee here was, in fact, not furthering the employer's business. His manner of "conducting the business" was in violation of the rules of the banking commission and of the statutes. In repossessing the television set and antenna the employee violated sec. 122.16, Stats., forbidding household furniture sold on a conditional sales contract from being retaken without legal process. The employer has the right to determine for himself correctly or erroneously what business he will accept and how he will conduct his business. When an employee usurps in disobedience the role of his employer, he no longer performs a service growing out of and incidental to his employment.