REQUESTED BY: Dear Senator Hoagland:
You have asked that we review amendments that may be offered to LB 558, Section 19, Eighty-sixth Legislature, First Session, 1979. You have provided us with two alternative amendments. The only difference in the wording of the two amendments is in the amount of money to be appropriate. For purposes of this review, we will treat them as though one proposal existed. The language you propose is as follows:
 "The Game and Parks Commission is hereby authorized to continue aid to political subdivisions. There is hereby appropriated $550,000 from the State Building Fund and any federal funds for the fiscal year ending June 30, 1980. The Game and Parks Commission is hereby authorized to provide aid to political subdivisions. There is hereby appropriated $350,000 from the State Building Fund and any federal funds and private donations available for the fiscal year ending June 30, 1980. There is hereby appropriated $350,000 from the State Building Fund and any available federal funds and private donations available for the fiscal year ending June 30, 1981."
As an initial matter, clear authority exists in the Game and Parks Commission under sections 37-427, 37-428, and81-815.53, R.R.S. 1943, to administer, maintain, operate, and replace land and water areas for recreation or fish and wildlife purposes or for both of such purposes in cooperation with the federal government.
The appropriation proposed by the two amendments appears to fall within the authority granted to the agency.
Additionally, it would that all requirements of law relating to the appropriation of money will be met by LB 558 and the amendment under review here. We find no technical defect with respect to the proposed provision under these guidelines. Therefore, the sole remaining question to be analyzed is whether or not any provision of the Constitution is violated by such an appropriation.
Our review indicates that the only possible area in which a constitutional violation might arise is under Article III, section 18. That provision of the Constitution prohibits local and special legislation. The prescription of this provision of the Constitution runs to whether or not legislation acts alike on all areas which it purports to affect. Generally, the Game and Parks Commission is authorized broad areas of discretion in determining what projects shall be funded through the money available from legislative appropriations, federal grants, and other revenue sources. No limitation is expressed within the appropriation we are considering, with respect to that discretionary authority in the Game and Parks Commission. Generally, the Legislature is not limited by this section on the subject involved. That is, the Legislature may legislate upon the subjects prescribed under this section, but it is the manner of the exercise of this power which is limited. See, Smiley v.MacDonald, 42 Neb. 5, 60 N.W.2d 355.
Where the manner selected by the Legislature is to establish a law that is general in its terms, then that power is vested in the Legislature under our Constitution. Here it is clear that the Legislature may act upon the specific subject under consideration. The question is whether or not the method selected violates any such provision. UnderBauer v. State Game, Forestation and Parks Commission,138 Neb. 436, 293 N.W.2d 282, a law that operates uniformly and equally on all brought within its provisions is not a local or special law in a constitutional sense. Therefore, the proposed amendment is valid under Article III, section 18 of the Constitution.